```
            IN THE UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF MARYLAND

DENISE MINTER et al.            *
                                *
         v.                     *  Civil Action WMN-07-3442
                                *
WELLS FARGO BANK, N.A. et al.   *

*   *   *   *   *   *   *   *   *   *   *   *   *
```

**MEMORANDUM**

Plaintiffs have filed a Motion to Modify Class Certification Definition for RICO[1] Claims, ECF No. 311, in which they request that the Court amend the class period so that it will include all civil RICO claims that fall within the statute of limitations. The motion is fully briefed and ripe for decision.[2]

The Court has broad authority to alter an order granting class certification pursuant to Federal Rule of Civil Procedure 23(c)(1)(C), which states that "[a]n order that grants or denies class certification may be altered or amended before final judgment." The Notes from the Advisory Committee further explain that "[a] determination once made can be altered or amended . . . if, upon fuller development of the facts, the

---

[1] RICO is the acronym for the "Racketeer Influenced and Corrupt Organizations Act," which is codified at 18 U.S.C. § 1961, et seq. Plaintiffs have filed claims under several provisions of RICO Section 1962.

[2] The details of Plaintiffs' allegations have been outlined in prior opinions of this Court and will not be repeated here. See ECF Nos. 88, 253, and 307.

original determination appears unsound." Notes of Advisory Comm., Subdivision (c)(1) (1966); see also Zenith Labs., Inc. v. Carter-Wallace, Inc., 530 F.2d 508, 512 (3d Cir. 1976) (quoting same in support of decision to alter order because, among other reasons, Judge relied on "erroneous assumption" when making original determination regarding class certification); Gutierrez v. Johnson & Johnson, 269 F.R.D. 430, 434 (D.N.J. 2010) noting that a court may revisit prior certification decision to cure defects).

The current class definition for RICO claims, certified in this Court's order dated May 3, 2011, is:

> All consumers who have obtained a federally related mortgage loan originated by Prosperity Mortgage Company that was funded by transfers from a line of credit at Wells Fargo Bank, any of its subsidiaries or any of their predecessors, on or after December 26, 2006.

ECF No. 254.[3]  Plaintiffs argue that in order to accommodate the four year statute of limitations for the civil RICO claims plead in the original complaint, the Court should modify the current class definition for RICO claimants to include those borrowers whose loans closed on or after December 26, 2003, four years before the original complaint was filed.  The Court agrees.

It is clear that four years is the appropriate statute of limitations for civil RICO claims, see Agency Holding Corp. v.

---

[3] This is also the class definition for claims timely brought under Sections 8(a), 8(c) and 8(c)(4) of the Real Estate Settlement Procedures Act (RESPA), located at 12 U.S.C. § 2607.

Malley-Duff & Associates, Inc., 483 U.S. 143, 156 (1987), and Defendants do not appear to contest this assertion.[4]  Therefore, any borrower who meets the class criteria and closed on a mortgage on or after December 26, 2003, has a timely RICO claim.[5]  Under the current class definition, however, if a borrower closed on his loan, for example, in 2004, that borrower would not be eligible to join the RICO class despite having a timely RICO claim.  Thus, in order to avoid excluding borrowers with timely RICO claims that meet all other class criteria, the Court will amend the class certification definition for the civil RICO claims to include borrowers who closed on loans after December 26, 2003.

Defendants argue that modification of the current class definition is inappropriate for two reasons: (1) the Court has already expressly limited the RICO class to include only those borrowers whose claims closed after December 26, 2006, and (2) amending the certification as requested would create yet another sub-class of claims, increasing the unmanageability of the

---

[4] In fact, in earlier briefing on other issues Defendants expressly acknowledged that the statute of limitations for civil RICO claims is four years.  See ECF No. 199 at 4; ECF No. 274 at 38.

[5] Defendant has also conceded this point in prior briefing.  See ECF No. 274 at 38 (acknowledging that though Named Plaintiff Binks' closing date makes her claim untimely under RESPA, it is still within the RICO statute of limitations and so she is, therefore, "a member of the Timely Class as to her RICO . . . claims.")

litigation and thus defeating the superiority prerequisite for certification under Rule 23(b)(3).

Defendants' first argument mischaracterizes this Court's analysis in its original certification decision as the analysis, guided by briefing from the parties, focused primarily on RESPA's one year statute of limitations and gave no explicit consideration to the fact that the RICO claims carried a longer statute of limitations.  See ECF No. 253.  The Court recognized that borrowers whose claims fell outside the RESPA limitations period would have to prove that their claims could be equitably tolled before pursuing a claim under RESPA, a fact that raised "potentially dispositive differences" among the two sets of class members.  ECF No. 253 at 53.  The Court thus created a "Timely Class" [6] with a December 23, 2006 cut-off date, leaving open the possibility of creating a "Tolling Class" for borrowers who closed on their loans prior to this date.[7]  It is true that the Court noted the statute of limitations date also coincided with the time period in which there were marked changes to Prosperity's operations, a fact that further supported the

---

[6] Even the name "Timely Class" illustrates the Court's reliance on RESPA when creating the class period, as a RICO claim brought outside the time period for this class could still be timely under the RICO statute of limitations.

[7] The Court notes that it has since granted class certification for a Tolling Class for RESPA claims going back to 1993, when Prosperity was created.  See ECF NO. 307.

4

decision to split the class, but the Court specifically stated that the change in operations by itself is "likely insufficient to justify splitting the class." ECF No. 253 at n. 24. This is because, even though there was a discrete period of change, there are several factors that are especially relevant to Prosperity's status as a bona fide lender that were present for its entire lifespan, i.e. its designation as Wells Fargo's "Region 91" and its manner of funding its loans. See ECF No. 253 at 54-55. Therefore, enlarging the class period for RICO claims by three years to encompass the RICO limitations period is consistent with the Court's previous decision to limit the period for timely RESPA claims to the one year RESPA limitations period.

Furthermore, Defendants' concern that enlarging the RICO class period will render the litigation unmanageable and thus defeat the superiority[8] requirement of class certification is unfounded. The enlargement of the RICO subclass does not open the door to new theories or sets of proof that were not already part of the case: the case has always included RICO claims and the existence of the Tolling Class will potentially require inquiry into operations during the entire lifespan of

---

[8] Per Federal Rule of Civil Procedure 23(b)(3), superiority requires that "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy."

5

Prosperity. Nor does the enlargement of the case bring new class members into the case: a borrower who closed on a loan during the enlarged period would already be involved in the case as part of the Tolling Class.[9] The enlargement of the RICO subclass does not sufficiently change the landscape so that this Court need revise its prior decision regarding the superiority of class treatment for this case.

The Court is confident that, if and when the time comes, the parties and the Court will work together and be able to devise an efficient method for trying this case. As suggested by Plaintiffs, bifurcation of the case into liability and damages phases is one potential solution, particularly because much of the liability phase will be subject to class-wide proof. Then, if Plaintiffs are able to win the liability phase, it should be reasonably easy for Plaintiffs to offer proof of damages according to the applicable time periods, tracking which borrowers fall into which time period via their closing dates.

For the foregoing reasons, the Court will grant Plaintiffs' Motion to Modify Class Certification Definition for RICO Claims. The Court will certify the following class definition for claims brought under the civil RICO statute:

---

[9] The only time this will not be true is for a borrower whose transaction involved a property located in Washington, D.C. as these borrowers have been specifically excluded from the Tolling Class. See ECF No. 308.

>All consumers who have obtained a federally related mortgage loan originated by Prosperity Mortgage Company that was funded by transfers from a line of credit at Wells Fargo Bank, any of its subsidiaries or any of their predecessors, on or after December 26, 2003.

The Court will issue a separate Order to this effect.

_____/s/_____<br>
William M. Nickerson<br>
Senior United States District Judge

March 14, 2012