**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

DENISE MINTER et al.            *
                                *
          v.                    *   Civil Action WMN-07-3442
                                *
WELLS FARGO BANK, N.A. et al.   *
                                *
                                *
BRADLEY PETRY et al.            *
                                *
          v.                    *   Civil Action WMN-08-1642
                                *
PROSPERITY MORTGAGE CO. et al.  *

*    *    *    *    *    *    *    *    *    *    *    *    *

**MEMORANDUM & ORDER**

The Plaintiffs in both the Minter and Petry cases have
filed a Motion to Consolidate Cases and Bifurcate Trial.  ECF
No. 344 in Minter and ECF No. 245 in Petry.  They urge the Court
to consolidate these cases for trial and then to bifurcate the
trial into separate liability and damages phases.  Defendants
oppose both aspects of this Motion.

Federal Rule of Civil Procedure 42 gives the Court broad
discretion to make decisions about how to most efficiently and
economically try cases on its docket while providing justice to
the parties.  See Wright & Miller, Federal Practice and
Procedure: Civil 3d § 2381.  The Rule provides that the Court
may consolidate actions that involve a common question or law or
fact, Fed. R. Civ. P. 42(a), and that the Court may order a
separate trial of one or more separate issues if convenient, to

avoid prejudice, or to expedite and economize, Fed. R. Civ. P. 42(b).

Plaintiffs urge the Court to consolidate these cases because they involve identical defendants (and counsel), rely on many of the same facts, will involve much of the same proof at trial, and are based on seemingly-overlapping theories of liability.  Defendants acknowledge that there will be shared proof and that there are many apparent similarities between the cases, but argue that consolidation is inappropriate because it would unfairly prejudice the Petry defendants and lead to jury confusion.

The Court agrees with Defendants that these two cases should not be consolidated for trial.  Though it may be more economical and certainly less time consuming to try these cases together, the complexity of these class actions militates against such an outcome.  The jury will hear voluminous evidence related to the intricacies of the banking and lending industry and the inner-workings of Prosperity.  They will be instructed on the different legal theories of the case and the tolling analysis that they must complete.  They will then be left to deliberate.  The complexity and unfamiliarity of the subject matter to most jurors will likely make this task difficult; even if the factual evidence is strongly in favor of one side or the other, unraveling the different legal theories will take some

time and effort.  Because the cases are premised on similar but
distinct theories of liability, the task of deliberating would
become significantly more complicated if the cases were tried
together.  The jury would be charged with compartmentalizing
certain evidence that applies to one case but not the other and
attempting to keep straight the differences between liability
under RESPA, RICO and the FFA,[1] not to mention the task of
determining tolling for two different periods of time.  It is
certainly foreseeable that the complexity of this task could
cause the jury to overlook or confuse certain nuances in the law
or facts and lead to an unjustly rendered verdict.  While the
Court does not savor the idea of sitting through much of the
same evidence twice, it is the Court's job to do so in order to
ensure fairness for all parties before the tribunal.  As such,
the Court will exercise its discretion and deny Plaintiffs'
Motion to Consolidate.

Plaintiffs also propose that the trial of the class actions
be bifurcated into two phases: a liability phase and, if

---

[1] In their Opposition, Defendants noted that Plaintiffs did not
address the trial or bifurcation of their common law state
claims and questioned whether Plaintiffs intend to continue
pursuing these claims.  See ECF No. 351 at 3 in Minter; ECF No.
251 at 3 in Petry.  Plaintiffs did not respond to this inquiry
in their Reply.  So that all parties are on the same page going
forward, the Court orders that, within 14 days of the date of
this Memorandum and Order, Plaintiffs file correspondence
indicating which claims they currently intend to pursue at
trial.

Plaintiffs prevail in the liability phase, a damages phase. Defendants' primary argument in opposition concerns Plaintiffs' proposal that evidence related to whether or not class members paid greater than market value for their settlement services should be part of the damages phase. This evidence relates directly to the RICO claim in <u>Minter</u>. As pointed out by Defendants, whether class members suffered a financial injury bears directly on Defendants' RICO liability because if class members paid Prosperity settlement fees equivalent to what they would have paid on the open market, then there was no financial injury and Defendants cannot be liable under RICO. Plaintiffs appear to concede this argument, and in response amend their initial bifurcation proposal so that evidence related to the existence of financial injury to class members will be part of the liability phase and evidence related to the amount of such injury will be reserved for the damages phase.

In light of this amended proposal, the Court agrees that bifurcation of the trials into separate liability and damages phases is appropriate. First, Defendants' main concern regarding the RICO evidence is not an issue that stands in the way of bifurcating the <u>Petry</u> trial because the Plaintiffs have not made a RICO claim in that case. Second, Plaintiffs have addressed Defendants' concern regarding the <u>Minter</u> trial in

their Reply.  This proposal resolves Defendants' concerns
related to the appropriate bifurcation of the evidence.[2]

The Court recognizes that because of the size of the
classes and the complexity of the issues involved, these two
cases are rather unwieldy.  The Court will therefore exercise
its discretion to break them into manageable pieces for
consideration by a jury.  Bifurcating each trial into separate
liability and damages phases will allow the jury to focus
initially on the complex liability issues without the need to
also keep track of voluminous damages evidence, much of which
appears to be undisputed and may even be suitable for resolution
without a jury.  This will serve the interests of efficiency and
economy, particularly if the jury decides the liability phase in
favor of the Defendants.  Moreover, appropriately bifurcating
the case will not prejudice either party.

---

[2] Defendants raise a number of additional concerns, including
Plaintiffs' standing to bring a RICO claim, the
constitutionality of the HUD Ten-Factor Test, the relevance of
evidence of "table-funding" to the FFA claim, and the
applicability of the HUD Ten-Factor Test to the Petry tolling
period.  The Court notes that some of these issues, particularly
the constitutionality of the HUD Ten-Factor Test, have been
raised in the past and already resolved by the Court.  See ECF
No. 253 at 40 in Minter and ECF No. 186 at 40 in Petry.  As the
motion presently before the Court is limited to the issues of
Consolidation and Bifurcation, the Court will not engage these
extraneous arguments at this time.

Accordingly, IT IS this 30th day of May, 2012, by the United States District Court for the District of Maryland, ORDERED:

1) That Plaintiffs' Motion to Consolidate Cases and Bifurcate Trial, ECF No. 344 in Minter and ECF No. 245 in Petry, is GRANTED in part and DENIED in part, such that:

    a. The Motion is GRANTED with respect to the request to bifurcate the cases into separate liability phases and damages phases for trial;

    b. The Motion is DENIED with respect to the request that the cases be consolidated for trial;

2) That, within 14 days of the date of this Memorandum and Order, Plaintiffs file correspondence indicating which claims in each case they currently intend to pursue at trial; and

3) That the Clerk of the Court shall transmit a copy of this Memorandum and Order to all counsel of record.


_____/s/_____
William M. Nickerson
Senior United States District Judge