IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DENISE MINTER et al.          *
                              *
         v.                   *  Civil Action WMN-07-3442
                              *
WELLS FARGO BANK, N.A. et al. *

         *  *  *  *  *  *  *  *  *  *  *  *

**MEMORANDUM**

Before the Court is a motion for a "new trial" filed by Plaintiffs. ECF No. 657. The motion is fully briefed and ripe for review.[1] Upon review of the papers, facts, and applicable law the Court determines that (1) no hearing is necessary, Local Rule 105.6, and (2) the motion will be denied.

---

[1] Defendants have also filed a motion for leave to file a surreply to respond to new arguments raised in Plaintiffs' reply memorandum. ECF No. 677. Plaintiffs have not opposed the motion but assert that the surreply "is not inappropriate, provided that this Court also holds a hearing to address the numerous, complex and interrelated issues that have been raised in the parties Rule 59 briefing." ECF No. 678 at 1 (emphasis in original). The Court agrees – without condition – that Defendants' surreply is not inappropriate and, indeed, is necessary to give them an opportunity to address Plaintiffs' new arguments concerning Wells Fargo's decision to withdraw from its joint ventures, the Court's class definition, and the Court's alleged plain error. Accordingly, Defendants' motion for leave will be granted. As for Plaintiffs' repeated request for a hearing on their motion, the Court does not believe that a hearing would assist with the resolution of the issues raised, particularly since the parties have submitted such thorough and high-quality briefing.

**I.   FACTUAL AND PROCEDURAL HISTORY**

Over the course of 17 days between May 6, 2013, and June 6, 2013, the parties tried two of Plaintiffs' theories that Defendants violated § 8(c) of the Real Estate Settlement Procedures Act (RESPA) to a jury, which returned a verdict in favor of Defendants on both.[2]  With regard to the second of these theories, the jury found that Defendants did not violate RESPA, in part because Plaintiffs failed to prove that Long & Foster Real Estate, Inc., (Long & Foster) "referred or affirmatively influenced the Plaintiffs to use Prosperity Mortgage Company for the provision of settlement services."  ECF No. 615 (Verdict Sheet, Question No. 3) at 2.  Plaintiffs now seek relief from that finding so that they, and tens of thousands of absent class members, ECF No. 657-1 at 1 & 27; ECF No. 673 at 16 n.10, can proceed to try alternative claims under § 8(a) of RESPA.[3]  It is

---

[2] Plaintiffs appear to suggest that the jury shirked its obligation to thoroughly, and in good faith, consider the evidence in this case by repeatedly commenting on their short period of deliberation which, Plaintiffs make a point of noting, "included lunch and a smoking break."  ECF No. 657-1 at 4; see also id. at 19.  Putting aside the disrespectful nature of Plaintiffs' suggestion, the undersigned finds the length of the jury's deliberations unremarkable given the threshold questions they answered, and consistent with his own opinion of the merits of Plaintiffs' case as a whole.

[3] According to Plaintiffs, § 8(a) represents the "heartland" of RESPA.  It provides:

>   No person shall give and no person shall accept any fee, kickback, or thing of value pursuant to any

this desired trial of their § 8(a) claims which Plaintiffs have dubbed a "new trial" for the purposes of their motion under Federal Rule of Civil Procedure 59.[4]

Plaintiffs assert that a new trial is warranted here for two reasons. First, they argue that the jury's verdict runs counter to the clear weight of the evidence. Second, they argue that counsel for Long & Foster admitted during closing argument that his client did refer Plaintiffs to Prosperity Mortgage Company (Prosperity). The contents of the record are not seriously disputed by Defendants, only the effect which it must be given.

---

> agreement or understanding, oral or otherwise, that business incident to or a part of a real estate settlement service involving a federally related mortgage loan shall be referred to any person.

12 U.S.C. § 2607(a). The Court has not certified a class with regard to Plaintiffs' claims under § 8(a).

[4] In their reply briefing, Plaintiffs assert that their § 8(a) claims must be tried in 2013 in light of Wells Fargo's announcement in July that it is ending its participation in joint ventures such as Prosperity. ECF No. 673 at 3-4. The Court fails to see how Wells Fargo's decision to exit the joint venture demands that their claims be tried in the next three-and-a-half months and considers Plaintiffs' suggestion that such a timeframe could be met fanciful, to say the least, particularly given their stated intention to seek certification of a class under § 8(a). See ECF No. 673 at 16 n.10 ("As a result of the § 8(c) judgment, certification of a § 8(a) class is thus again a live issue, but the first step is ensuring that the § 8(a) claims of the Named Plaintiffs may go forward, hence the Motion.").

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 59(a) provides, in relevant part:

> (1) Grounds for New Trial. The court may, on motion, grant a new trial on all or some of the issues – and to any party – as follows:
> (A) after a jury trial, for any reason which a new trial has heretofore been granted in an action at law in federal court . . .

"[T]he granting or refusing of a new trial is a matter resting in the sound discretion of the trial judge, and [] his action thereon is not reviewable on appeal, save in the most exceptional circumstances." Aetna Cas. & Sur. Co. v. Yeatts, 122 F.2d 350, 354 (4th Cir. 1941); see also Whilhelm v. Blue Bell, Inc., 773 F.2d 1429, 1433 (4th Cir. 1985). Thus, "[o]n such a motion it is the duty of the judge to set aside the verdict and grant a new trial, if he is of opinion that the verdict is against the clear weight of the evidence, or is based upon evidence which is false, or will result in a miscarriage of justice." Yeatts, 122 F.2d at 352 (emphasis added). The court "may weigh evidence and assess credibility in ruling on a motion for a new trial." Wilhelm, 773 F.2d at 1433. At bottom, however, in evaluating a motion for a new trial, the court's focus should be on whether substantial justice has been done; that is, whether a new trial is required to prevent a miscarriage of justice. Yeatts, 122 F.2d at 354; 11 Charles

Alan Wright, Arthur R. Miller & Mary K. Kane, Federal Practice and Procedure § 2803 (2d ed. 1995) ("Courts do not grant new trials unless it is reasonably clear that prejudicial error has crept into the record or that substantial justice has not been done.") & § 2805 ("The court has the power and duty to order a new trial whenever, in its judgment, this action is required in order to prevent injustice.").

## III. DISCUSSION

Plaintiffs' briefing – in particular, their reply - is littered with accusations of error on the part of the Court and the jury. See ECF No. 657-1 at 12-17. Plaintiffs assert that the Court's "'error' was in submitting Question No. 3 to the jury in the first place," ECF No. 673 at 12 (emphasis in original), and the jury's error was rendering a "plainly incorrect" answer to that question against what Plaintiffs are now calling the "clear – in fact undisputed - weight of the evidence." ECF No. 657-1 at 1. Thus, Plaintiffs argue that the Court must grant them a "new trial" to avoid the manifest injustice of resolving their § 8(a) claims on, what they deem to be, "the basis of a lie." ECF No. 673 at 3.

Plaintiffs' cries of injustice ring hollow, however, because it was they who suggested that a question similar to Question No. 3 be included on the verdict sheet at all – a request which the Court obliged by posing such a question in

5

almost exactly the form they requested. <u>Compare</u> ECF No. 556 (Plaintiffs' Proposed Verdict Form) at 1 ("Do you find, by a preponderance of the evidence, that Class Representatives Jason and Rachel Alborough and Denise Minter were referred by Long & Foster Real Estate, Inc. to Prosperity Mortgage Company ("Prosperity")?"), <u>with</u> ECF No. 615 (Verdict Form Submitted to Jury) at 3 ("Have Plaintiffs proved, by a preponderance of the evidence, that Long & Foster Real Estate, Inc., referred or affirmatively influenced the Plaintiffs to use Prosperity Mortgage Company for the provision of settlement services?"). Plaintiffs' submission of Question No. 3 and their failure to object to, or seek revision of, that question after all of the supposedly obvious indications that the question was no longer necessary, is a sufficient basis for denying their motion.[5] <u>See</u>

---

[5] Plaintiffs inject a new argument into their reply, namely that the jury's answer to Question No. 3 was inconsistent with the Court's redefinition of the class. ECF No. 673 at 5-6. Before trial, the Court limited the class to those individuals referred to Prosperity by Long & Foster, ECF No. 541 at 16-17; ECF No. 635 ¶ 4. As a result, Plaintiffs argue that the jury's response to Question No. 3 was erroneous, if it should have been submitted at all. ECF No. 673 at 5-6. The Court's limitation of the class in this regard, however, was not intended to eliminate the requirement that Plaintiffs prove that a referral occurred or to in any way suggest that the evidence on that point was undisputed in the same manner as was the Court's limitation of the class to those with federally-related mortgages. <u>See</u> ECF No. 534 at 2 n.5. Rather, the Court's redefinition was intended to tailor a manageable class that fit both of Plaintiffs' § 8(c) theories; that is, it was a shorthand way of capturing those individuals who walked into a Long & Foster office and ended up with a Wells Fargo mortgage.

6

Calef v. FedEx Ground Packaging System, Inc., 343 F. App'x 891, 905 (4th Cir. 2009) (unpublished) (affirming denial of new trial where appellant failed to object to special interrogatories); Castle v. Leach Co., 4 F. Supp. 2d 128, 130 (N.D.N.Y. 1998) (holding that plaintiffs waived right to seek new trial when they did not object to the verdict sheet, which mirrored the plaintiff's proposal, before it was submitted to the jury); 11 Wright, Miller & Kane Federal Practice and Procedure § 2805 ("A principle that strikes very deep is that a new trial will not be granted on grounds not called to the court's attention during the trial unless the error was so fundamental that gross injustice would result."). The only reasonable conclusion that the Court can draw from these circumstances is that whether Plaintiffs were referred was a fact that Plaintiffs recognized as disputed right up until the moment they disagreed with the jury's resolution of that issue in favor of Defendants.

For similar reasons, Plaintiffs' alternative argument also fails. Plaintiffs assert that a statement made by Long & Foster's counsel, Jay Varon, during closing arguments constituted a judicial admission that his client referred Plaintiffs to Prosperity which "removed that fact from

---

Plaintiffs appeared to understand that at the time because their proposed verdict form was submitted five days later. Plaintiffs' argument on this point is thus without merit.

7

contention" and thus eliminated any need to pose Question No. 3 to the jury. ECF No. 657-1 at 24. Whether to treat a statement as a judicial admission that has the effect of excluding certain evidence is a determination that is within the court's discretion. Meyer v. Berkshire Life Ins. Co., 372 F.3d 261, 264 (4th Cir. 2004) (quoting MacDonald v. Gen. Motors Corp., 110 F.3d 337, 340 (6th Cir. 1997)); United States v. Belculfine, 527 F.2d 941, 944 (1st Cir. 1975) (citing United States v. Cline, 388 F.2d 294, 296 (4th Cir. 1968) (holding that whether "to treat, as conclusive, concessions made by Government counsel . . . was a matter for the judgment of the judge")). When deciding how to exercise that discretion, a court should be driven by "considerations of fairness." Belculfine, 527 F.2d at 944. And, while a judicial admission by counsel is "usually treated as absolutely binding," New Amsterdam Casualty Co. v. Waller, 323 F.2d 20, 24 (4th Cir. 1963) (emphasis added), such an admission must be "deliberate, clear, and unambiguous" before it can be given preclusive effect. Fraternal Order of Police Lodge No. 89 v. Prince George's Cnty., 608 F.3d 183, 190 (4th Cir. 2010) (quoting Meyer, 372 F.3d at 265 n.2).

Plaintiffs contend that counsel's statement during closing arguments bound Defendants. There, Mr. Varon said:

> First of all, at the outset, I would just ask you to ask yourselves if your assessment of the witnesses, the documents, of their credibility, of what you heard

> in this case really matches what Mr. Gordon told you. It's your job to weigh what occurred here.
>
> And frankly, I'm sure you won't be surprised, I have a lot of differences, and differences of recollection, differences in what was said.
>
> <u>I think that the only thing I agree way for sure is that Long & Foster did refer the named plaintiffs to Prosperity. There's no dispute about that.</u>

Taken alone, Mr. Varon's statement could possibly be considered an admission. But, giving due regard to the context of this litigation and "considerations of fairness," the Court is troubled by the fact that the supposed admission is being raised for the first time post-verdict. While the time between Mr. Varon's statement and submission of the case to the jury was indeed short, the Court believes it was a sufficient amount of time for Plaintiffs to reconsider the task with which the jury would be charged in light of counsel's statement, and to raise the supposed admission with the Court and with counsel. Obviously, Plaintiffs did not and, as the Sixth Circuit has noted in similar circumstances, "[t]he conclusion which urges itself at this time is that it occurred to no one at the trial that the remarks in question constituted an admission of the nature here urged."[6] <u>Harrison Const. Co. v. Ohio Turnpike Comm'n</u>, 316 F.2d 174, 177 (6th Cir. 1963). As a result, the

---

[6] For the same reason, the Court rejects Plaintiffs' argument that Defendants made similar admissions in their pretrial papers. ECF No. 657-1 at 12.

9

Court believes it would be decidedly unfair and inconsistent with the purpose of motions under Rule 59 to allow Plaintiffs to do now, what they failed to do at trial. See Sequa Corp. v. GBJ Corp., 156 F.3d 136, 144 (2d Cir. 1998) ("Rule 59 is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'").

**IV. CONCLUSION**

In sum, the Court does not quarrel with Plaintiffs' assertion that "justice abhors resolving claims and extinguishing rights on the basis of a lie," ECF No. 673 at 3, but reminds them that justice similarly abhors gamesmanship. What a litigation strategy it would be if parties could invite the court to follow a course of action that they would later label as erroneous so as to save themselves from an unfavorable verdict. This Court will not participate in what appears to be a game of "gotcha."[7] For the foregoing reasons, Plaintiffs'

---

[7] As defined by The American Heritage Dictionary of the English Language (4th ed. 2000) the term "gotcha" has uncanny relevance to the present motion. That volume explains the term as "[a] game or endeavor in which one party seeks to catch another out, as in a mistake or lie." Id. (emphasis added). While Plaintiffs assert it was the Court's mistake in submitting Question No. 3 and the jury's lie in answering that question as it did, the real trick in this instance is that Plaintiffs have failed to acknowledge (a lie of omission?) their own mistake in requesting that the question be asked at all.

10

motion for a new trial will be denied and judgment on their § 8(a) claims will be entered in favor of Defendants.[8]

A separate order will issue.

_____/s/_____
William M. Nickerson
Senior United States District Judge

August 28, 2013

---

[8] Plaintiffs have acknowledged that their inability to establish that they were referred to Prosperity by Long & Foster is dispositive of their claims under § 8(a). See, e.g., ECF No. 673 at 2-3 (Plaintiffs "are bound by the § 8(c) judgment and, without relief from the jury's erroneous answer to Question No. 3, their § 8(a) claims will also be denied.").